## WOLCOTT v. WOLCOTT, SR.

*Insurance—War risk—Trust engrafted by insured soldier— Letter of instruction to beneficiary.*

Where a father has been made a beneficiary in war risk insurance by a soldier, a valid trust therein may be ingrafted by a letter of instructions forwarded to the father and consented to by him at a time substantially contemporaneous with the designation of the father as beneficiary.

(Decided December 8, 1920.)

APPEAL: Court of Appeals for Clark county.

*Mr. Harry C. Hull,* for plaintiff.
*Mr. W. W. Rockel* and *Mr. C. S. Olinger,* for defendant.

KUNKLE, J. This is an action by the grandmother of a deceased soldier of the late war to engraft a trust upon the monthly allowance received by the father under a policy of war risk insurance in which the father was designated as beneficiary.

The plaintiff relies upon a letter dated January 17, 1918, from the son to the father, and upon a letter claimed to have been written directly to the grandmother by the grandson, but not preserved or produced.

The war risk policy was issued January 3, 1918. Notice was issued by the Treasury Department of the United States February 17, 1919, and mailed to the father, to the effect that he was named as beneficiary in the policy and that the soldier therein named died on the 18th of October, 1918.

It is claimed that the letter of January 17, 1918, was not prior to or contemporaneous with the issuing of the policy and the naming of the father as beneficiary. The original policy does not show who was designated as beneficiary, and we do not have direct evidence of the exact time when the beneficiary was designated. It may have been at the time of the application for the policy, or it may have been at some subsequent date. Taking the evidence as a whole, we are of opinion that the letter of January 17, 1918, was substantially contemporaneous with the designation of the father as beneficiary. The question remains whether the trust was sufficiently proven. The letter to the father dated January 17, 1918, is not as definite and conclusive as a declaration of trust written by a lawyer. It was written by a layman and expresses the wishes of a soldier. The father received the letter long prior to the time when the policy became absolute by the death of the soldier. It does not appear that he ever objected to the terms of the alleged trust. It appears that the soldier paid for the insurance out of his own compensation. He had the absolute power to designate the beneficiary and provide for a distribution according to his own wishes. While he designated his father to the U. S. Treasury Department as beneficiary, we think he had the right in equity to create a trust therein according to his own wishes. It is claimed that the letter to the father of January 17, 1918, left the matter discretionary with the father. Giving the entire letter a reasonable construction, in view of the circumstances of the parties and the other evidence in the case, we are of opinion that the son intended $20 per

month to go absolutely to the grandmother. This is strengthened by the fact that the son had for some time before he entered military service lived with his grandmother and assisted her in various ways, and that his relationship to his grandmother was so close and intimate that he called her "Ma," his own mother being dead. We are of opinion, therefore, that the trust in favor of the grandmother for $20 per month is sufficiently established by the evidence.

*Decree accordingly.*

ALLREAD and FERNEDING, JJ., concur.